UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRANDI RHONE, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-02034-JMS-TAB |
| | ) | |
| ALLIANCEONE RECEIVABLES MANAGEMENT, INC., | ) | |
| | ) | |
| *Defendant*. | ) | |

### ORDER

Presently pending before the Court is Defendant AllianceOne Receivables Management, Inc.'s ("AllianceOne") Motion to Dismiss for Failure to State a Claim. [Filing No. 14.] AllianceOne seeks to dismiss Plaintiff Brandi Rhone's claim that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). For the reasons detailed herein, the Court **GRANTS** AllianceOne's Motion to Dismiss. [Filing No. 14.]

### I.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. Pro. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in

favor of the plaintiff.  See *Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011).  The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief.  See *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).  Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level."  *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012).  This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

## II.
### BACKGROUND

The factual allegations in Ms. Rhone's Complaint, which the Court must accept as true, are as follows.

AllianceOne is a debt collection agency.  [Filing No. 1 at 2.]  Ms. Rhone incurred a debt of $393.74 for personal, family, or household purposes as defined by 15 U.S.C. § 1692(a)(5).  [Filing No. 1 at 2-3]  The debt went into default and was transferred to AllianceOne for collection.  [Filing No. 1 at 2.]

On February 10, 2014, AllianceOne sent Ms. Rhone a letter (the "Letter") which stated in relevant part:

> Your account has been referred to our office for collections by our client, CAPITAL ONE BANK (USA), N.A.  The total account balance as of the date of this letter is shown below.  Your account balance may increase because of interest or other charges, if so provided in your agreement with your creditor.
>
> \*              \*              \*
>
> Our client has authorized us to reduce the balance of your past due account!  Our client will accept $236.24 as a settlement.
>
> \*              \*              \*

>Upon receipt and clearance of your payment, we will immediately cease collection activity and will notify our client that you have satisfied your account. If you have any questions or concerns, please call our office and a representative will assist you.
>
><div align="center">*       *       *</div>
>
>As of the date of this letter, you owe $393.74. Your account balance may be periodically increased due to the addition of accrued interest or other charges if so provided in your agreement with your original creditor.
>
>Please be advised that any settlement write-off of $600 or more may be reported to the Internal Revenue Service by our client. For additional information contact your tax professional.
>
>This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

[Filing No. 1-3.]

Ms. Rhone's lawsuit focuses on the language "Please be advised that any settlement write-off of $600 or more may be reported to the Internal Revenue Service by our client." [Filing No. 1-3 (the "1099 Disclosure Language").] She alleges that "even if the entire amount of the debt was forgiven, it would not have reached $600, the amount the Defendant stated would trigger a reporting requirement. The Defendant materially misrepresented the weight of its settlement offer in its attempt to collect a debt from [Ms. Rhone]." [Filing No. 1 at 3.] Ms. Rhone alleges that the 1099 Disclosure Language is a "gratuitous reference" and "a collection ploy," because it "suggests to the 'unsophisticated consumer' that he or she could get in trouble with the IRS for refusal to pay the debt or for negotiating the debt at issue in the letter." [Filing No. 1 at 3.] She also alleges that the 1099 Disclosure Language is false because:

- The law prohibits AllianceOne or its client "from reporting information about the consumer on a 1099C form unless certain 'identifiable events' occur – none of which are applicable to [Ms. Rhone]";

- It "does not explain that it is only under certain, limited circumstances that a 1099C form may be reported to the IRS";

- It "does not explain that [AllianceOne], or its client, is prohibited from reporting any 'forgiveness' unless and until both [Ms. Rhone] and [AllianceOne] have reached an 'agreement' on the amount of the debt and the amount that is being discharged";

- It "falsely implies to the 'unsophisticated consumer' that the consumer will have to pay taxes on the difference between what [AllianceOne] claims is owed and what the consumer agrees to pay";

- It "falsely and deceptively implies to the 'unsophisticated consumer' that the consumer will have to pay taxes on any forgiven debt that is comprised of interest as opposed to principal";

- It "misleads the 'unsophisticated consumer' as to the impact of attempting to settle the matter for less than what [AllianceOne] claims is owed"; and

- It "misleads the 'unsophisticated consumer' into believing that, unless the consumer pays the entire amount [AllianceOne] alleges is owed for the debt, the consumer is going to have to pay taxes on the entire unpaid balance of the debt."

[Filing No. 1 at 3-4.]  Ms. Rhone also alleges that AllianceOne "give[s] erroneous and/or incomplete tax advice to consumers regarding the 1099 C tax form."  [Filing No. 1 at 4.]  Ms. Rhone asserts claims for violation of three sections of the FDCPA. [Filing No. 1 at 5.]  She seeks actual and statutory damages, as well as attorneys' fees and costs, under 15 U.S.C. § 1692k(a)(1)-(3).  [Filing No. 1 at 5.]

AllianceOne now moves to dismiss Ms. Rhone's Complaint for failure to state a claim upon which relief may be granted.  [Filing No. 14.]

## III.
### DISCUSSION

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. 1692(e); *see Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 343

(7th Cir. 1997) ("[The FDCPA] was designed to protect against the abusive debt collection practices likely to disrupt a debtor's life"). AllianceOne argues that Ms. Rhone fails to state a viable claim under §§ 1692d, 1692e, or 1692f of the FDCPA. The Court will discuss these claims in the order in which the parties address them.

### A. Failure to State a Claim Under § 1692e

AllianceOne argues that Ms. Rhone's Complaint fails to state a claim under 15 U.S.C. § 1692e. [Filing No. 15 at 5.] Specifically, AllianceOne contends that in order to violate § 1692e, a statement must be both false and material. [Filing No. 15 at 5.] Because Ms. Rhone acknowledges that the 1099 Disclosure Language is "absolutely irrelevant" to her circumstances, AllianceOne argues, the 1099 Disclosure Language cannot violate § 1692e. [Filing No. 15 at 5-6.]

In response, Ms. Rhone argues that AllianceOne has "cherry-picked" one statement from the Complaint, and that she was stating "that there was no reason for [AllianceOne] to include [the 1099 Disclosure Language] in the letter, absent a collection point…." [Filing No. 19 at 16.] Ms. Rhone argues that the 1099 Disclosure Language is material because it has the ability to influence a consumer's decision and "would deter the unsophisticated consumer from attempting to negotiate the debt." [Filing No. 19 at 17.] She contends that "invoking the IRS can cause even sophisticated consumers to lose their wits and scramble to pay a debt, and forgo the dispute rights available to them." [Filing No. 19 at 17.] Ms. Rhone asserts that, accepting the allegations in the Complaint as true, she has alleged that the 1099 Disclosure Language is both false and material. [Filing No. 19 at 18.]

On reply, AllianceOne argues that "[n]owhere in the 1099 disclosure language or anywhere else in [the Letter] is there any language that suggests directly or indirectly that Plaintiff must

5

contact Defendant in order to not…be reported to the IRS." [Filing No. 20 at 2 (emphasis omitted).] AllianceOne also points to language in the letter giving the consumer 40 days to accept the settlement, offering to discuss the settlement further, and stating "[f]or additional information contact your tax professional." [Filing No. 20 at 2-3.] AllianceOne distinguishes cases cited by Ms. Rhone, and also notes that the 1099 Disclosure Language states that AllianceOne's client "may" report settlement write-offs above $600 – an amount clearly above Ms. Rhone's outstanding debt. [Filing No. 20 at 3.] AllianceOne reiterates its argument that the 1099 Disclosure Language is not material. [Filing No. 20 at 3-4.] It argues that an unsophisticated consumer still possesses "rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences," and could determine that Ms. Rhone's $393.74 debt – or her $157.50 write-off amount if she accepted the settlement – is less than the $600 threshold for Internal Revenue Service reporting. [Filing No. 20 at 4-5.]

Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA sets forth non-exhaustive examples of conduct that violates this prohibition, such as "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Whether a debt collection letter is deceptive or misleading is a question of fact. *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007). Dismissal is suitable only when "it is 'apparent from a reading of the [debt collection] letter that not even a significant fraction of the population would be misled by it.'" *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (*quoting Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574 (7th Cir.2004)).

"The courts have ruled that the [FDCPA] is intended for the protection of unsophisticated consumers…, so that in deciding whether for example a representation made in a [debt collection] letter is misleading the court asks whether a person of modest education and limited commercial savvy would be likely to be deceived." *Evory*, 505 F.3d at 774. An unsophisticated consumer "isn't a dimwit. She may be 'uninformed, naïve, [and] trusting,'…but she has 'rudimentary knowledge about the financial world,' and is 'capable of making basic logical deductions and inferences.'" *Wahl v. Midland Credit Management, Inc.*, 556 F.3d 643, 645 (7th Cir. 2009). "If a statement would not mislead the unsophisticated consumer, it does not violate the FDCA – even if it is false in some technical sense." *Id.* at 645-46.

To adequately allege a claim under § 1692e, then, Ms. Rhone must plausibly allege that the 1099 Disclosure Language was "false, deceptive, or misleading," to an "unsophisticated consumer," not just that the 1099 Disclosure Language may have been factually inaccurate. *See Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) (holding that "our test for determining whether a debt collector violated § 1692e is objective, turning not on the question of what the debt collector knew but on whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer"). But Ms. Rhone fails to allege with any plausibility what about the 1099 Disclosure Language might be misleading. She argues that an "unsophisticated consumer reading the [debt collection] letter thinks that if she does not contact [AllianceOne] immediately, a 1099-C Form could be filed with the IRS." [Filing No. 19 at 9.] The Court disagrees. The disputed language openly notes that only write-offs of more than $600 may be reported to the Internal Revenue Service. [Filing No. 1-3 at 1.] The reasonable but unsophisticated consumer would know that a debt write-off of $157.50 (the $393.74 amount owed, minus the $236.24 settlement amount) does not meet the $600 threshold mentioned in the 1099

Disclosure Language and, thus, it is not plausible that the Letter would be confusing to a "significant fraction of the population." *Zemeckis,* 679 F.3d at 636 (*quoting Taylor*, 365 F.3d at 574). And significantly, even if an unsophisticated consumer did not know that the write-off amount was the amount owed minus the settlement amount, but mistakenly thought the write-off amount was the entire amount owed, that amount is still substantially less than $600. Dismissal is thus warranted under the standard outlined in *Taylor* and reiterated in *Zemeckis*.

Moreover, the 1099 Disclosure Language is an accurate representation of the law. The Internal Revenue Code lists "[i]ncome from discharge of indebtedness" as "gross income," 26 U.S.C. § 61(a)(12), and the Code of Federal Regulations contains a reporting clause that requires debt collection agencies such as AllianceOne to report debt discharges of over $600 to the Internal Revenue Service in certain situations. 26 C.F.R. § 1.6050P-1(a)(1). AllianceOne's statement that "any settlement write-off of $600 or more may be reported to the Internal Revenue Service" does not misrepresent the law.

Further still, AllianceOne's juxtaposition of an unconditional term – "*any* settlement write-off" – with a conditional term – "*may* be reported to the Internal Revenue Service" – may be poor phrasing, but misleading or deceptive it is not. The Seventh Circuit has instructed that "[w]hen language in a debt collection letter can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that fails to clarify that ambiguity does so at its peril." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012) (citing *Gonzales v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1063 (9th Cir. 2011)). And as Ms. Rhone rightly notes, the Seventh Circuit has held it "improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Lox*, 689 F.3d at 825. But critically, the 1099 Disclosure Language here does contain such

clarifying information—specifically, that any settlement write-off of $600 or more *may* be reported to the Internal Revenue Service. [Filing No. 1-3 at 1.] The 1099 Disclosure Language does not imply any outcome might befall a delinquent debtor *except* in those cases where a settlement write-off of over $600 has occurred.[1]

The "unsophisticated consumer" standard is a generous one, as Ms. Rhone correctly notes. [Filing No. 19 at 6-8.] The bar is set intentionally low, so as to protect consumers from "unscrupulous collection methods." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000). Nonetheless, the 1099 Disclosure Language Ms. Rhone bases her § 1692e claim on does not meet that standard, as it would not plausibly deceive or mislead even the unsophisticated consumer.[2] Ms. Rhone has thus failed to state a claim under 15

---

[1] In *Good v. Nationwide Credit, Inc.*, 55 F.Supp.3d 742 (E.D. Pa. 2014), the court found that language in a collection letter stating that the creditor "is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more," supported a claim for violation of § 1692e because the language was unequivocal but the regulations contain exceptions. *Id.* at 748. This definitive language is distinguishable from the 1099 Disclosure Language here, which advises that "any settlement write-off of $600 or more *may* be reported to the Internal Revenue Service…." [Filing No. 1-3 at 1 (emphasis added).]

[2] Ms. Rhone cites *Sledge v. Sands*, 182 F.R.D. 255 (N.D. Ill. 1998), for the proposition that even "a literally true collection letter…can convey a misleading impression," and that if the "majority of debtors receiving [defendant's] letter will not realize income from the discharge of debt, then [defendant's] letter provides a misleading impression and violates the FDCPA." [Filing No. 19 at 13-14 (quotations omitted).] In *Sledge*, plaintiff moved for class certification and for summary judgment. The collection letter plaintiff received differed significantly from the Letter here because, along with including the language regarding settlement write-offs of $600 or more, the letter also stated "[n]o such report may be [filed] by the creditor if payment is made in full." *Id.* at 257. In connection with plaintiff's motion for summary judgment, the court noted that while the letter was literally true, it would still be misleading "if the majority of debtors receiving [the] collection letters will not realize income for the discharge of debt." *Id.* at 260. Because the plaintiff had not presented evidence regarding whether the letter applied to "most debtors," the court denied her summary judgment motion. *Id.* at 260-61. To the extent *Sledge* can be read to endorse a cause of action for debtors who would not be covered by the 1099 Disclosure Language – *i.e.*, those whose settlement write-offs are less than $600 – the Court notes that it is not bound by other district court decisions. As discussed above, Ms. Rhone's claims were not close to the $600 threshold, and the Court does not find anything plausibly false, deceptive, or misleading in the 1099 Disclosure Language.

U.S.C. § 1692e upon which relief may be granted, and AllianceOne's Motion to Dismiss is granted as to that claim.

### B. Failure to State a Claim Under § 1692d

AllianceOne argues that Ms. Rhone's Complaint does not allege any conduct that is prohibited by § 1692d. [Filing No. 15 at 7.] Specifically, AllianceOne contends that Ms. Rhone only attaches the Letter to her Complaint and does not allege any other form of communication to support her § 1692d claim, and that the Letter does not constitute "oppressive [or] outrageous conduct." [Filing No. 15 at 7.]

In response, Ms. Rhone argues that "[i]t is harassment and/or abuse to threaten to contact the IRS when [AllianceOne] has no legal basis for taking such action." [Filing No. 19 at 18.] Ms. Rhone asserts that AllianceOne "is clearly threatening to contact the IRS which certainly constitutes harassment and/or abuse of [Ms. Rhone] in violation of the FDCPA." [Filing No. 19 at 19.]

On reply, AllianceOne argues that the Letter does not contain a threat to contact the Internal Revenue Service, and again points out that Ms. Rhone's debt was well under the $600 threshold so the 1099 Disclosure Language did not even apply to her. [Filing No. 20 at 5-6.] AllianceOne argues that the 1099 Disclosure Language would not be threatening even to an unsophisticated consumer. [Filing No. 20 at 6.]

15 U.S.C. § 1692d provides that:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

(3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.

(4) The advertisement for sale of any debt to coerce payment of the debt.

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

Ms. Rhone argues that the offenses listed in the statute are demonstrative of harassment and not exhaustive. [Filing No. 19 at 18-19.] While the Court agrees with this contention, it disagrees with Ms. Rhone's assertion that a cause of action can be found within the allegations of her Complaint.

In support of her argument, Ms. Rhone cites a single unpublished case from another district, where a collection agency was found to have violated § 1692d of the FDCPA when the agency sent a debt collection letter threatening to contact the debtor's employer if the debtor did not contact the collection agency immediately. [Filing No. 19 at 18-19 (citing *Gasser v. Allen County Claims & Adjustment, Inc.*, 1983 U.S.Dist.LEXIS 20361 (N.D. Ohio 1983))]. But no similar threat was made in the Letter here. [Filing No. 1-3.]. In fact, the 1099 Disclosure Language neither threatens Ms. Rhone with any action should she fail to pay, nor resembles any of the offenses listed in § 1692d. [*See* Filing No. 1-3.] Therefore, even though the offenses listed in § 1692d may not be exhaustive, the Court nonetheless cannot contort the statute to find a cause of action based on the 1099 Disclosure Language at issue here. Accordingly, the Court finds that Ms. Rhone has

failed to state a viable claim under § 1692d, and AllianceOne's Motion to Dismiss as to Ms. Rhone's § 1692d claim is granted.

### C.     Failure to State a Claim Under § 1692f

AllianceOne argues that Ms. Rhone's Complaint fails to state a claim under 15 U.S.C. §1692f because the Letter was not an "unfair or unconscionable means of debt collection, but rather an initial contact letter setting forth the required disclosures under the FDCPA." [Filing No. 15 at 9.]

In response, Ms. Rhone contends that "the list of prohibited conduct enumerated [in § 1692f] is not exhaustive," and that Ms. Rhone has stated a claim under the statute because she has alleged that AllianceOne "is sending [debt collection] letters threatening the unsophisticated consumer with reports to the IRS." [Filing No. 19 at 19-20.]

AllianceOne argues in its reply that the Letter was statutorily required under 15 U.S.C. § 1682g(a), and that a letter which simply provides information required by statute is not unfair or unconscionable "even when the debt collector may have violated some other provision of the FDCPA." [Filing No. 20 at 7 (emphasis omitted).]

Section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," and lists examples of conduct that violates the statute. 15 U.S.C. § 1692f.  Ms. Rhone is correct in her contention that the list of prohibited conduct in § 1692f is not exhaustive.  See *Turner*, 330 F.3d at 996.  The Seventh Circuit has called the phrase "unfair or unconscionable" in § 1692f "as vague as they come." *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, --- F.3d ----, 2015 WL 4509935, *3 (7th Cir. 2015) (*quoting Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 474 (7th Cir. 2007)).

The Court recognizes the need to shield debtors from aggressive and unsavory debt collection practices. Nevertheless, the Court cannot construe § 1692f so broadly as to find a cause of action for "unfair or unconscionable" conduct in the 1099 Disclosure Language, especially when that language so clearly does not apply to Ms. Rhone and is consistent with the law. Ms. Rhone has not stated a claim upon which relief may be granted under § 1692f, and AllianceOne's motion to dismiss is granted as to her § 1692f claim.

## IV.
### CONCLUSION

For the foregoing reasons, the Court finds that Ms. Rhone has failed to state a viable claim under § 1692d, 1692e, or 1692f of the FDCPA. Therefore, AllianceOne's Motion to Dismiss, [Filing No. 14], is **GRANTED**. Final judgment shall enter accordingly.

Date: August 12, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**